UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

TARRI RIVELLI.,

    Plaintiff,

vs.

ASSET ACCEPTANCE RECOVERY SERVICES, LLC,
and FIRST NATIONAL COLLECTION BUREAU, INC.,

    Defendants.
_____/

## COMPLAINT

1.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to the FDCPA.

3.  This action arises out of Defendant's violation of the FDCPA by the Defendants and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

4.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5.  Plaintiff, TARRI RIVELLI., is a natural person who resides in the City of Sunrise, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant ASSET ACCEPTANCE RECOVERY SERVICES, LLC., (hereinafter "Defendant ASSET") is a collection agency operating from an address of 28405 Van Dyke Avenue, Warren, MI 48093, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant FIRST NATIONAL COLLECTION BUREAU, INC., (hereinafter "Defendant FIRST NATIONAL") is a collection agency operating from an address of 610 Waltham Way, McCarran, NV 89434, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Both Defendants regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Both Defendants regularly collects or attempts to collect debts for other parties.

9. Both Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation to City Furniture (via GE Money Bank in approximately 2007.  The purchase was for personal consumer products, namely furniture.

11. Defendant improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

12. Defendant falsely represented the amount and character of the alleged debt to consumer credit agencies.

13. Defendant knew or should have known that the credit information it communicated was false.

14. Defendant attempted to collect an amount of debt that was not expressly authorized by an agreement creating the debt or permitted by law.

2

15. Defendants did not maintain and execute policies and/or procedures to ensure that they did not collect from the incorrect person and/or the correct amount due.

16. More specifically, Defendant ASSET has been reporting to Experian that Plaintiff is past due on the above referenced account in the amount of $26,497.00. (See Exhibit A)  When ASSET was contacted in March, 2013, they advised that they were acting in concert with Defendant FIRST NATIONAL for the collection of this debt.  Defendant FIRST NATIONAL was subsequently contacted in March 2013 at 800-824-6191 and confirmed that they were indeed collecting this debt in concert with Defendant ASSET.  Defendant FIRST NATIONAL'S collector "Rochelle" acknowledged that they were reporting an incorrect amount to Experian, almost double what the Plaintiff allegedly owes.  Despite having actual knowledge that they were reporting a clearly erroneous amount to Experian, neither Defendant has made any effort to correct the misinformation.

## SUMMARY

17. The above-described collection communications made by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692 e(2),  1692e(8), 1692e(10), and 1692 f(1).

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

21. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

### COUNT 2
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 3
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

26. Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 4
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8) and 1692e(10)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

29. Defendant's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 5
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant falsely represented the character of the alleged debt that was allegedly owed to Defendant.

32. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  March 8, 2013                              Respectfully submitted,

                                                                     s/ J. Dennis Card Jr._____
                                                                     J. Dennis Card Jr., Esq.
                                                                     Florida Bar No.  0487473
                                                                     Email: Dcard@archerbay.com
                                                                     Archer Bay, P.A.
                                                                     2501 Hollywood Boulevard, Suite 100
                                                                     Hollywood, Florida 33020
                                                                     Telephone:  (954) 921-9994
                                                                     Facsimile:   (954) 921-9553
                                                                     Attorneys for Plaintiff

**ASSET ACCEPTANCE**

**Address:**
PO BOX 1630
WARREN, MI 48090
(800) 614-4730

**Address Identification Number:**
0299221434

**Account Number:**
12262....

**Original Creditor:**
GE MONEY BANK / CITY FURNITURE

**Status:** Collection account. $26,497 past due as of Feb 2013.   **Status Details:** This account is scheduled to continue on record until Jun 2014.

**Date Opened:**
06/2012
**Reported Since:**
08/2012
**Date of Status:**
08/2012
**Last Reported:**
02/2013

**Type:**
Debt Buyer
**Terms:**
1 Months
**Monthly Payment:**
$0
**Responsibility:**
Individual

**Credit Limit/Original Amount:**
$26,101
**High Balance:**
NA
**Recent Balance:**
$26,497 as of 02/2013
**Recent Payment:**
$0

**Payment History:**

| 2013 | | | 2012 | | | |
|------|---|---|------|---|---|---|
| FEB  | JAN | DEC | NOV | OCT | SEP | AUG |
| C    | C | C | C | C | C | C |

**Account History:**
Collection as of Aug 2012 to Feb 2013

**Balance History** - The following data will appear in the following format:
*account balance / date payment received / scheduled payment amount / actual amount paid*
Jan 2013: $26,450 / no data / no data / no data
Dec 2012: $26,406 / no data / no data / no data
Nov 2012: $26,346 / no data / no data / no data
Oct 2012: $26,300 / no data / no data / no data
Sep 2012: $26,242 / no data / no data / no data
Aug 2012: $26,195 / no data / no data / no data

The original amount of this account was $26,101

EXHIBIT A